## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "FLSA Settlement Agreement") is made and entered as of the ____ day of August, 2014, by and between MOLLY MATHIS, a former employee (hereinafter the "EMPLOYEE"), and METRO CORRAL PARTNERS, INC. ("MCP") (hereinafter EMPLOYEE and MCP are hereafter referred to as "the Parties").

### RECITALS

WHEREAS, the EMPLOYEE filed a lawsuit in the case styled as: *Molly Mathis, on behalf of herself and those similarly situated v. Metro Corral Partners, Inc., a Florida corporation*, in the District Court for the Middle District of Florida, Case No. 6:14-cv-429-Orl-28TBS ("Lawsuit") alleging that MCP committed certain violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA"), and certain state laws by failing to pay or properly pay her during her former employment, which lasted from March 22, 2013 to on or about March 14, 2014;

WHEREAS, MCP denies that it, its officers, and/or employees are liable to EMPLOYEE under the Lawsuit, or for any cause or causes of actions which have or could have arisen out of EMPLOYEE's employment with MCP and further denies that there is any factual basis to any of EMPLOYEE's claims.  The Parties have agreed to compromise this matter in order to avoid the uncertainties and expense of further litigation;

WHEREAS, the Parties have decided to resolve all claims for unpaid overtime or minimum wage violations under the FLSA or the Florida Minimum Wage Act ("FMWA") through the execution of this Agreement (hereinafter, "the FLSA Settlement Agreement").  This FLSA Settlement Agreement is not intended to release any other claims arising from her employment or her separation from same.

WHEREAS the Parties have negotiated in good faith and resolved their disputes.  The intent of this Agreement is to settle and compromise all prior and existing disputes, claims, and controversies relating to the Lawsuit, , existing prior to the execution of this FLSA Settlement Agreement. EMPLOYEE believes that this FLSA Settlement Agreement is in her best interest.

### TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.      MCP agrees to pay the EMPLOYEE: (i) Five Hundred ($500) in unpaid wages, net of withholding and for which a W-2 will be issued; (ii) Five Hundred ($500) in liquidated damages and for which a Tax Form 1099 will be issued and (iii) costs in the amount of Five Hundred ($500) ((i) – (iii) comprising "the Settlement Sum"), in full and final settlement of any claims Employee alleged in the Lawsuit including, but not limited to EMPLOYEE's claim for attorney's fees and costs under the FLSA

{2901678;6}

_____          _____
MCP                                                                                       MATHIS

or the FMWA EMPLOYEE understands that the Settlement Sum is the only amount she will receive from MCP under this FLSA Settlement Agreement and is consideration for the release of any claim brought in the LawsuitExcept as set forth herein, EMPLOYEE agrees and understands that MCP has no liability to Employee for her attorney's fees and costs related to the Lawsuit, other than as provided for herein.

    A.    Within ten (10) business days of the Court's approval of this FLSA Settlement Agreement and the dismissal with prejudice of this Lawsuit, MCP shall deliver three (3) checks to Ryan Morgan, of Morgan & Morgan, to be allocated as follows: (i) one check in the amount of Five Hundred ($500) in unpaid wages, net of withholding and for which a W-2 will be issued, less applicable deductions and withholdings, payable to "Molly Mathis," which will be reported as payable to her to the Internal Revenue Service on a Form W2; (ii) one check in the amount of Five Hundred ($500) in liquidated damages payable to "Molly Mathis" and for which a Tax Form 1099 will be issued and (iii) a check in the amount of Five Hundred Dollars ($500) payable to "Morgan & Morgan," (Tax. ID No. _____), representing costs related to the filing of the Lawsuit which will be reported as payable to it to the Internal Revenue Service on a Form 1099. EMPLOYEE understands that neither MCP nor its counsel has provided her or her legal counsel any tax guidance or advice regarding the taxability of any of the components of the Settlement Sum.

    B.    These aforementioned payments comprising the Settlement Sum will be held in trust by EMPLOYEE's counsel until such time as the Parties file a Joint Motion for Approval of FLSA Settlement Agreement and the Court has entered an Order dismissing this Lawsuit with prejudice. If, for any reason, the Court does not issue an Order dismissing the Lawsuit with prejudice, this FLSA Settlement Agreement can be considered null and void at the option of MCP. The Parties acknowledge and agree that this FLSA Settlement Agreement will not be valid unless and until the Court issues an Order dismissing the Lawsuit with prejudice.

    2.    Nothing contained in this FLSA Settlement Agreement constitutes an admission of liability by MCP concerning any allegations raised in the Lawsuit. MCP specifically denies any violation of the FLSA and/or the FMWA.

    3.    In exchange for the above and other valuable consideration, the EMPLOYEE, on behalf of herself and her successors, heirs, assigns, attorneys, agents and representatives hereby unconditionally and forever waives, releases, acquits and discharges MCP from any liabilities concerning the claims she brought in the Lawsuit.

    4.    . The EMPLOYEE acknowledges, agrees, and understands that this release is a full and final bar to any and all claims that the EMPLOYEE brought against MCP in the Lawsuit under the Fair Labor Standards Act or the Florida Minimum Wage Act. . Additionally, the EMPLOYEE agrees that the consideration in Paragraph 1 (the Settlement Sum) fully and completely compensates her for releasing the claims herein by virtue of her execution of this FLSA Settlement Agreement. The Parties

{2901628711}

_____
MCP

_____
MATHIS

08/18/2014 10:48 7703072909 PUBLIX COMM AREA 480 PAGE 04/06

acknowledge that the release provision contained in this paragraph shall not apply to claims that were not asserted in the Lawsuit.

5. This FLSA Settlement Agreement may be executed in counterparts and has the same force and effect as if all the signatures were obtained in one document.

6. The EMPLOYEE acknowledges and agrees that she has read this FLSA Settlement Agreement, is aware of its contents, and freely and voluntarily agrees to all of its terms and conditions.

7. The language of all parts of this FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This FLSA Settlement Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. This FLSA Settlement Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this FLSA Settlement Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

8. If any provision of this FLSA Settlement Agreement, other than paragraphs 1 and 3, is/are held invalid or unenforceable, such provision shall be deemed deleted from this Agreement and such invalidity or unenforceability shall not affect any other provision of this FLSA Settlement Agreement, the balance of which will remain in and have its intended full force and effect; provided, however that if such invalid or unenforceable provision may be modified so as to be valid and enforceable as a matter of law, such provision shall be deemed to have been modified so as to be valid and enforceable to the maximum extent permitted by law.

9. This FLSA Settlement Agreement expresses the entire agreement between the EMPLOYEE and MCP as to the causes of action released herein and supersedes and cancels any prior agreement or understanding on the subjects covered herein, and no agreements, representations or statements of either party not contained in this Agreement shall bind that party. This Agreement can be modified only in writing signed by both parties.

10. The EMPLOYEE acknowledges that she has been given a reasonable period of time within which to decide whether to sign this Agreement. The EMPLOYEE further acknowledges that she consulted with her attorney regarding the terms of this Agreement before she signed the Agreement. The EMPLOYEE also acknowledges that she has had the opportunity to negotiate regarding the terms of this FLSA Settlement Agreement.

11. EMPLOYEE further agrees that she will not institute or authorize any other party, governmental or otherwise, to institute any administrative or legal proceeding seeking compensation or damages on her behalf against MCP for claims arising out of the Lawsuit.

12. EMPLOYEE further represents that other than the Lawsuit she has not instituted any claim for damages, affirmative relief, or attorneys' fees prior to the date of this FLSA Settlement.

{29016287;6}

_____  
MCP

_____  
MATHIS

Nothing in this FLSA Settlement Agreement shall prohibit or restrict EMPLOYEE from making any disclosure required by law or providing information or testifying or assisting in an investigation brought by any governmental agency, provided that she is contacted by such an agency.

13. EMPLOYEE represents that in connection with this settlement she has reported all hours worked and has received pay for all time for which she worked and does not have any outstanding claims for unpaid wages, commissions or bonuses.

14. The EMPLOYEE represents and warrants that EMPLOYEE has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claims released herein. The EMPLOYEE agrees to indemnify and hold the Employer harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer.

15. EMPLOYEE agrees and acknowledges that she bears the sole responsibility for paying any and all federal, state or local income taxes including, but not limited to, Social Security and Medicare taxes (hereinafter referred to as "FICA" and "FUTA") on any sums paid to her or on her behalf under this FLSA Settlement Agreement. Accordingly, EMPLOYEE understands and agrees that should the Internal Revenue Service ("IRS") or any other state or local taxing authority or other federal, state or local agency assert, argue or determine that any money received or paid pursuant to this FLSA Settlement Agreement is taxable income, or benefits of any kind, EMPLOYEE will be solely responsible for the payment of any and all taxes, contributions or withholdings that he may owe on such sums, including, but not limited to, any related attorneys' fees, interest, costs, penalties, or other charges related to the collection of such taxes. EMPLOYEE will indemnify and/or reimburse MCP for any and all taxes, contributions, and withholdings that are owed (or claimed to be owed) by EMPLOYEE on the settlement amount, regardless of whether MCP ultimately pays such owed or claimed amounts on his behalf. EMPLOYEE will also indemnify MCP from any and all costs, interest, penalties, and attorney's fees paid or owed by MCP as a result of any claim made by any federal, state or local agency for such unpaid taxes, penalties, costs, interest, fees, or contributions that allegedly are owing as a result of the amounts paid to EMPLOYEE under this FLSA Settlement Agreement, with the exception that EMPLOYEE shall not have to indemnify MCP for any tax liability caused by a wrongful action or inaction of MCP

16. This FLSA Settlement Agreement amicably resolves any issues between the parties and they agree that this Agreement shall neither be interpreted nor construed as an admission of any wrongdoing or liability on the part of MCP..

17. This FLSA Settlement Agreement shall be governed by the laws of the State of Florida. The Parties agree that the venue for any legal proceeding arising from or related to this FLSA Settlement Agreement shall lie exclusively in state and federal courts located in Orlando, Florida. No

{29016287;1}

_____
MCP

_____
MATHIS

less than ten (10) days before filing an action for an alleged breach of this FLSA Settlement Agreement, the complaining party shall give written notice to legal counsel for the other party, by facsimile.

18. No waiver of any breach of a term of this FLSA Settlement Agreement shall be construed or deemed to be a waiver of the alleged breach, unless agreed to in writing by the party alleged to have been harmed.

19. The foregoing terms shall inure to the benefit of MCP and shall be binding on Employee's heirs, executors, administrators, legal representatives, successors and assigns.

20. EMPLOYEE represents and warrants that she has read this FLSA Settlement Agreement in its entirety, has been offered a period of seven (7) days to review the FLSA Settlement Agreement, has been advised in writing herein to consult with counsel, has consulted with her attorney, fully understands all of its terms, and voluntarily assents to all terms and conditions herein. This FLSA Settlement Agreement shall be effective as of the date both parties have signed it.

IN WITNESS WHEREOF, the EMPLOYEE and MCP have executed this FLSA Settlement Agreement.

| MOLLY MATHIS | METRO CORRAL PARTNERS, INC. |
|---|---|
| Signed: *Molly Mathis* | Signed: *[signature]* |
| | as authorized representative of METRO CORRAL PARTNERS, INC. |
| Print name: Molly Mathis | |
| Date: 8/18/14 | Print name: Eric Holm |
| | Date: 8/18/14 |

{29016287;6}

MCP

*[initials]* MATHIS