UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOLLY MATHIS,

    Plaintiff,

v.                                                              Case No: 6:14-cv-429-Orl-41TBS

METRO CORRAL PARTNERS, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the Parties' Amended Joint Motion for Approval of FLSA Settlement Agreement (Doc 23). The parties seek Court approval of their proposed settlement of Plaintiff Molly Mathis' claims under the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201 *et seq*. Upon due consideration I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff brought this suit against Defendant Metro Corral Partners, Inc., alleging that Defendant failed to pay her the minimum wage in violation of the FLSA. (Doc. 1). According to her complaint, Plaintiff worked as a waitress at one of Defendant's Golden Corral restaurants, where she was paid tipped minimum wage. (Doc. 1 ¶¶ 1-2, 11). She alleges that during her shifts, she spent 30 – 40% of her time performing non-tip duties, including cleaning and opening and closing the restaurant, for which she was not paid full minimum wage. (Id. ¶¶ 13-14). She also complains that Defendant told her to over-report her tips and threatened to write her up if she failed to do so. (Id. ¶ 16). As a

result, Plaintiff did not receive enough tip money to meet the minimum wage.   (Id. ¶ 17).   Defendant denies liability.   (Doc. 20).

The parties negotiated a resolution of this dispute and submitted a settlement agreement for the Court's approval.   (Docs. 23, 23-1).   In their motion for approval of their settlement, the parties disclosed that they had entered into two separate agreements: an "FLSA Settlement Agreement" that "resolves only the Plaintiff's claim under the FLSA," and a "Non-FLSA Settlement Agreement" that "resolves unasserted claims, and any remaining claims the Plaintiff may have against the Defendant."   (Doc. 23 ¶ 5).   The parties did not disclose the terms of their Non-FLSA Settlement Agreement to the Court.

After reading the parties' motion, the Court entered an order outlining its concerns with some of the provisions in the FLSA Settlement Agreement.   Those concerns included that it released unasserted claims for retaliation under the FLSA and unasserted claims for violation of the Florida Minimum Wage Act.   The FLSA Settlement Agreement also included "non-disparagement, confidentiality, and non-cooperation provisions of the sort the Court has rejected in other cases."   (Doc. 24).

In the same order, the Court said it could not make a fully informed decision concerning the fairness of the FLSA Settlement Agreement without knowing the contents of the Non-FLSA Settlement Agreement.   (Id.).   The Court explained that it did not know whether the FLSA Settlement Agreement was contingent upon the Non-FLSA Settlement Agreement; it did not know whether the terms of the Non-FLSA Settlement Agreement had any effect on Plaintiff's FLSA claims; it did not know whether the Non-FLSA Settlement Agreement evidenced overreaching, fraud, or collusion that would constitute grounds to deny approval of the FLSA Settlement Agreement; and the Court did not know

if there was anything else about the Non-FLSA Settlement Agreement it should know in order to make an informed decision about the FLSA Settlement Agreement.

The parties filed a response to the Court's Order which included an amended FLSA Settlement Agreement.  (Docs. 25, 25-1).  In their response, they disclosed that in the Non-FLSA Settlement Agreement, Plaintiff acknowledged that "she is not aware of any unasserted claims which she has or could have had against [Defendant] other than those stated in the Lawsuit."  (Doc. 25, ¶ 3).  The parties also revealed that the Non-FLSA Settlement Agreement was related to the FLSA Settlement Agreement in that the timing of payment under the Non-FLSA Settlement Agreement was pegged to the Court's approval of the FLSA Settlement Agreement and the dismissal of this lawsuit with prejudice.  (Id., ¶ 4).  They said the Non-FLSA Settlement Agreement was intended to resolve all claims not covered by the FLSA Settlement Agreement and that it contained a mutual release of all claims.  (Id., ¶¶ 5-6).  The parties explained that the release of FLSA retaliation claims in the FLSA settlement agreement was included because, "[w]hile the Plaintiff may not have expressly stated a count for FLSA retaliation, the Complaint contained allegations suggesting such a claim."  (Doc. 25, ¶ 7).  Finally, they represented that the amended FLSA Settlement Agreement "remov[es] the reference to non-disparagement, confidentiality, and non-cooperation."  (Id. ¶ 8).

On August 6, 2014, I entered a report and recommendation to the district judge recommending that the parties' motion be denied and their amended settlement agreement be rejected.  (Doc. 26).  In my report and recommendation, I concluded that the parties failure to disclose the Non-FLSA Settlement Agreement "prevent[ed] the Court from conducting the review Lynn's Food requires."  (Id. at 5-6).  I also recommended that the district judge reject the agreement because it contained several offensive

provisions, including a non-employment provision, a provision requiring Plaintiff to notify Defendant within ten days if any government agency subpoenaed her or otherwise asked her to respond to questions about matters relating to the case, a provision prohibiting Plaintiff from "assist[ing]" others in litigation against Defendant, and a liquidated damages provision.  (Id. at 6-8).

On August 20, 2014, the parties filed their Amended Joint Motion for Approval of Settlement Agreement (Doc. 27), which supersedes the prior motion and renders it and my report and recommendation moot.  The parties have submitted a new FLSA Settlement Agreement dated August 18, 2014.  (Doc. 27-1).  The new agreement omits the terms I found objectionable in my report and recommendation.  However, the parties did not indicate in either their motion or the new agreement that there were no other agreements pertaining to their settlement of the case that they had not submitted to the Court.  Accordingly, on August 22, I entered an order directing the parties to inform the Court about the status of the Non-FLSA Settlement Agreement and to state whether the parties had entered into, or intended to enter into, any other agreements the Court has not seen.  (Doc. 29).  On September 2, the parties filed their response to the Court's order, in which they state that "[t]he FLSA Settlement Agreement attached to the Joint Motion is the only agreement the parties made," and that they "have no agreement concerning any other claims or causes of action Plaintiff has or believes she may have, nor is there an agreement to agree in the future."  (Doc. 30 at 2).  I interpret this statement as a representation by the parties that the Non-FLSA Settlement Agreement is void, and I have relied upon this representation in submitting this report and recommendation.

- 4 -

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food, 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this district, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

The parties have agreed to settle Plaintiff's FLSA claim for $1,000, divided equally between unpaid wages (less any applicable withholding) and liquidated damages. (Doc. 27, ¶ 6; Doc. 27-1, ¶ 1). In addition, Defendant will pay $500 in attorney fees and costs to Morgan & Morgan, P.A., for expenses incurred in representing Plaintiff. (Doc. 27, ¶ 6; Doc. 27-1, ¶ 1). In their motion, the parties estimate that Plaintiff could have recovered

up to $1,122.30 in unpaid wages (and presumably the same amount of liquidated damages). (Doc. 27 at 6). Thus, Plaintiff is receiving about half of the maximum amount she could have recovered had the case gone to trial and Plaintiff prevailed. The parties agree that the settlement sum is fair and reasonable, given the existence of "multiple disputed issues involving Plaintiff's FLSA claim, including ... whether Defendant owed any wages to Plaintiff." (Doc. 27, ¶ 9). I see no reason to question the parties' judgment on this issue, and accordingly, find the settlement amount is reasonable.

The parties also agree that the $500 sum for attorney's fees and costs is reasonable and that this sum was negotiated separately from Plaintiff's recovery without regard to the amount Plaintiff received. (Doc. 27 at 6 n. 1). This is sufficient to establish the reasonableness of the fee and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' amended settlement agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that the Joint Motion for Approval of Settlement (Doc. 27) be **GRANTED** and that the amended settlement agreement be **APPROVED**. Pursuant to the parties' request (Doc. 27 at 6), I also recommend that the Court enter an order **DISMISSING** this case **WITH PREJUDICE**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings

on appeal.

       **RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 3, 2014.

                                                            THOMAS B. SMITH
                                                            United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record